

My Khanh Ngo
Senior Staff Attorney
Immigrants' Rights Project
ACLU National Legal Department

February 23, 2026

**VIA CM/ECF**
Kelly L. Stephens
Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

Re: *Lopez-Campos v. Raycraft et al.*, **No. 25-1965**
*Sanchez Alvarez v. Raycraft et al.*, **No. 25-1969**
*Contreras-Cervantes et al., v. Raycraft et al.*, **No. 25-1978**
*Pizarro Reyes v. Raycraft et al.*, **No. 25-1982**

**Rule 28(j) Letter**

Dear Ms. Stephens,

Petitioners-Appellees notify the Court of *Learning Resources, Inc. v. Trump*, No. 24–1287, 607 U.S. ----, 2026 WL 477534 (U.S. Feb. 20, 2026), which held that the International Emergency Economic Powers Act ("IEEPA")'s delegation of power to "regulate . . . importation" does not authorize the President to impose tariffs on imports. *Id*. at *6, 13. The Court's analysis strongly supports Petitioners-Appellees' argument that the Immigration and Nationality Act ("INA") does not authorize the sweeping mandatory detention regime that the government asserts here.

The Court affirmed the following principles of interpretation:

- "[T]he fact that no President has ever found such power in IEEPA is strong evidence that it does not exist." *Id*. at *11 (majority); *see also id*. at *9 (Roberts, C.J., joined by Gorsuch, J., Barrett, J.) ("It is also telling that in IEEPA's 'half century of existence,' no President has invoked the statute to



impose *any* tariffs—let alone tariffs of this magnitude and scope."); *id*. at *39 (Kagan, J., concurring, joined by Sotomayor, J., Jackson, J.) ("Nor has any President until now understood IEEPA to authorize imposing tariffs.").

- "[H]ad Congress intended" to grant such "extraordinary power . . . it would have done so expressly." *Id*. at *10 (majority); *see also id*. at *7 (Roberts, C.J., joined by Gorsuch, J., Barrett, J.) (a "'practical understanding of legislative intent' suggested Congress would not have delegated 'highly consequential power' through ambiguous language"); *id*. at *25 (Gorsuch, J., concurring) ("a clear statement is required to support a claim to an extraordinary delegated power"); *id*. at *37 (Kagan, J., concurring, joined by Sotomayor, J., Jackson, J.) (requiring a "'modicum of common sense'" about how Congress acts).

So too here: the Executive's unbroken 30-year understanding and practice of detaining noncitizens with the possibility of bond under the INA, and the principle that Congress does not "hide elephants in mouseholes," compels rejection of the government's newly-asserted authority based on a statute historically applied only to those "seeking admission" at the border, to now require the detention of millions of noncitizens physically present in the United States, including longtime residents like Petitioners-Appellees.

Respectfully submitted,

*/s/ My Khanh Ngo*
My Khanh Ngo

*Counsel for Petitioners-Appellees*

cc: Counsel of Record, via CM/ECF



# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing letter complies with the type-volume limitations of Fed. R. App. P. 28(j) because the body contains 349 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

*/s/ My Khanh Ngo*
My Khanh Ngo

*Counsel for Petitioners-Appellees*

425 California Street, 7th Floor, San Francisco, CA 94104 | mngo@aclu.org | 415-343-0764



# CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2026, I filed the foregoing document using the Court's CM/ECF system, which caused all counsel of record to be served with a copy of the filing.

*/s/ My Khanh Ngo*
My Khanh Ngo

*Counsel for Petitioners-Appellees*
