

**Michael K.T. Tan**
Deputy Director
Immigrants' Rights Project
ACLU National Legal Department

March 30, 2026

<u>**VIA CM/ECF**</u>
Kelly L. Stephens
Clerk of the Court
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

**Re:** ***Lopez-Campos v. Raycraft* (No. 25-1965, consolidated with Nos. 25-1969, 25-1978, 25-1982)**
**Response to Government's Rule 28(j) Letter**

Dear Ms. Stephens,

The majority's decision in *Herrera Avila v. Bondi*, --- F. 4th ----, 2026 WL 819258 (8th Cir. Mar. 25, 2026) is flawed for the reasons in Judge Erickson's dissent.

First, "'applicant for admission' and 'seeking admission' are not coterminous phrases." *Id*. at *7 (Erickson, J., dissenting). The majority used the terms' "ordinary meaning," *id*. at *3, but "applicant for admission" and "admission" are terms of art, *see* ECF 19, at 29-31. The majority's analogy to college applicants thus fails. Congress deemed Petitioners "applicants for admission" because they are present without having been admitted, not because they are "seeking admission." The better analogy is students auditing college lectures: they are present on campus without being admitted and aren't seeking admission. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 489 (S.D.N.Y. 2025).

Second, "[w]hile the court's interpretation renders 'seeking admission' superfluous, [Petitioners'] interpretation gives effect to every word in § 1225(b)(2)(A) by applying only when an alien is both (1) an 'applicant for admission' and (2) actually seeking admission." *Avila*, 2026 WL 819258, at *7

(Erickson, J., dissenting). *See* Exhibit A. By equating the two terms, the majority also ignores that although all returning lawful permanent residents are "applicants for admission," only some are "seeking admission," *see* 8 U.S.C. § 1101(a)(13)(C), and that lawful status differs from "admission," *see* ECF 19, at 54-55.

Third, the majority nullifies § 1226(a)'s application to inadmissible noncitizens despite Congress including them in § 1226(c)'s exceptions to § 1226(a). *See Nielsen v. Preap*, 586 U.S. 392, 409 (2019).

Finally, IIRIRA equalized treatment of "noncitizens who enter without inspection and noncitizens who present themselves" by making both subject to *removal* on inadmissibility grounds. *Avila*, 2026 WL 819258, at *7 (Erickson, J., dissenting). But IIRIRA "maintained this distinction" in provisions governing *detention*, "as evidenced by Congress's use of 'seeking admission,'" and its concern with detention capacity, demonstrated by "deferred implementation of § 1226(c)." *Id*. at *7-8.

/s/ Michael K.T. Tan
Michael K.T. Tan

*Counsel for Petitioners-Appellees*

cc: Counsel of Record, via CM/ECF

**Exhibit A**

**Applicants for Admission**

● Arrives in U.S.
(e.g., most returning LPRs)

● Present and not admitted

**1225(b)(2)**
● At border
● Some returning LPRs

**Seeking Admission**

● Seeking lawful entry from outside U.S. (e.g., pre-clearance)

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing letter complies with the type-volume limitations of Fed. R. App. P. 28(j) because the body and exhibit contain 350 words. This letter also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) because this letter was prepared in a proportionally spaced typeface using Word 14-point Times New Roman.

*/s/ Michael K.T. Tan*
Michael K.T. Tan

*Counsel for Petitioners-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I filed the foregoing document using the Court's CM/ECF system, which caused all counsel of record to be served with a copy of the filing.

*/s/ Michael K.T. Tan*
Michael K.T. Tan

*Counsel for Petitioners-Appellees*